## L. Morrison, Appellee, v. Illinois Central Railroad Company, Appellant.

1. DAMAGES—*what proof incompetent.* Damages may not be predicated upon the hearsay statements of parties not called as witnesses.

2. DAMAGES—*when profits not recoverable.* In an action by a passenger against a carrier to recover for negligence in carrying such passenger to a wrong destination, special damages claimed for loss of profits are too remote.

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

W. W. BARR and CHARLES E. FEIRICH, for appellant; BLEWETT LEE and W. S. HORTON, of counsel.

CHARLES H. HOLT, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellee recovered a judgment against appellant for the sum of seventy-five dollars damages in an action charging negligence in carrying him to a wrong destination.

Appellee who is described in his declaration as an optometerist and who testified he was a refractionist or specialist in fitting eye glasses, was at Centralia and desired to go to Patoka on the morning train, both places being on the line of appellant's roads. He purchased a ticket from appellant's agent and was told by him when the train would leave and on what track. Appellee was informed by some one standing at a train that it was the train for Patoka and appellee got aboard. The train left Centralia and by the time the train reached Ashley it was discovered appellee was upon the wrong train, a train that did not go to Patoka. The conductor directed

him to get off, which he did and found he would have
to return to Centralia leaving Ashley at 2:35 P. M.
When he returned to Centralia it was late in the
afternoon, too late for him to go to Patoka on that
day. Appellee had advertised he would be in Patoka
and he claimed damages for loss of time, additional
expense, and the reasonable value of his services at
Patoka if he had reached there as advertised.

He was permitted over objection to testify that he
had been informed afterwards by five different per-
sons that they had purchased glasses from other
dealers at certain prices as appellee was not in Patoka,
and that in calculating how much profit he would have
made, he had lost one hundred and fifteen dollars by
not being at Patoka.

All this testimony was inadmissible. It was mere
hearsay. The parties who made these statements
were not sworn and there was no opportunity to cross-
examine them; moreover, such prospective profits
were too remote and speculative. The special dam-
ages claimed for loss of profits that the passenger
might have made are too remote. Such expected
profits had reference to a collateral enterprise of ap-
pellee and did not arise out of any alleged breach of
appellant's contract to carry him to Patoka and can-
not be presumed to have entered into the consideration
of the parties. They were contingent, remote and
speculative and could not be recovered.

The court erred in admitting the evidence and in
not sustaining appellant's motion to strike it out.

Error is assigned on appellee's instructions II a
and III a.

It is said there was no evidence tending to show
that any brakeman of appellant directed appellee to
take the wrong train and that both instructions are
based on such supposed testimony. We think the tes-
timony tends to show the fact and the instructions
are not erroneous in this respect.

It is further said that instruction II a ignores the

element of reasonable care on the part of appellee. The flagman of the train who was letting the passengers on says no ticket to Patoka was shown him and the instruction should have contained the element of reasonable care on the part of appellee in boarding the train.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*